UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Nicholas E. Dean<br><br>　　　　　　Defendant<br>_____ | Case No. CV 08-6524 CAS<br>　　　　　(CR 03-500 CAS)<br><br>ORDER DENYING DEFENDANT'S PETITION TO VACATE PURSUANT TO 28 U.S.C. § 2255 |

## I.　INTRODUCTION & BACKGROUND

On May 28, 2003, defendant was indicted in Case No. CR 03-500 GHK, later reassigned as Case No. CR 03-500 CAS. On July 22, 2003, defendant pled guilty to one count of conspiracy in violation of 18 U.S.C. § 1029(b)(2), two counts of access device fraud in violation of 18 U.S.C. § 1029(a)(2), and one count of forfeiture pursuant to 18 U.S.C. §§ 982, 1029(c)(2). On February 25, 2004, defendant was sentenced to 33 months in prison with three years of supervised release. Defendant subsequently appealed his sentence, arguing that the sentence violated Blakely v. Washington, 124 S. Ct. 2531 (2004). The Ninth Circuit ordered a limited remand of the case pursuant to United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). On December 21, 2005, this

Court resentenced defendant to 29 months in prison (time served) and three years of supervised release. Defendant was later released from the custody of the Bureau of Prisons.[1]

On October 3, 2008, defendant filed his petition to vacate his sentence pursuant to 28 U.S.C. § 2255. On October 8, 2008, the government filed a motion to dismiss defendant's petition. Defendant filed an opposition on December 9, 2008. A reply was filed by the government on December 18, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

In deciding a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, a court must hold an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Shah v. United States, 878 F.2d 1156, 1159 (9th Cir. 1989). Furthermore, § 2255 motions based on alleged occurrences outside the record often require an evidentiary hearing. E.g. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). However, when a movant's credibility is at issue, no evidentiary hearing is required if the issue of credibility can be "conclusively decided on the basis of documentary testimony and evidence in the record." United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1989).

## III.    DISCUSSION

In his petition, defendant asserts five grounds for vacating his sentence: (1) ineffective assistance of counsel at his resentencing hearing in violation of the Sixth Amendment to the U.S. Constitution[2]; (2) the Court's decision at the resentencing hearing to deem argument of sentencing factors waived, in violation of the Fourteenth

---

[1] The government notes that "defendant's instant motion was filed from California State prison," and presumes that "defendant must be serving time on an unrelated matter."

[2] Specifically, defendant argues that at the resentencing, his counsel "did not argue any of the issues that were found by a preponderance of evidence." Petition at 6.

Amendment to the U.S. Constitution; (3) the use of the preponderance of the evidence standard in calculating defendant's Guidelines adjustment, in violation of United States v. Staten, 450 F.3d 384, 393 (9th Cir. 2006) and failure to submit obstruction of justice to the Grand Jury[3]; (4) error by the Court in calculating defendant's criminal history category; and (5) illegal seizure of evidence – namely, defendant's laptop computer – from defendant's then girlfriend, Eboni Grayson ("Grayson"), in violation of the Fourth Amendment to the U.S. Constitution.[4]  In his opposition, defendant withdraws the second and fourth claims.   Therefore, the Court only considers herein defendant's first, third, and fifth claims.

The government argues that defendant's § 2255 petition is barred by the statute of limitations.  Section 2255 provides that a one-year statute of limitation applies, which begins running from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which unconstitutional governmental interference with the filing of the motion is removed; (3) the date on which a right asserted is recognized by the Supreme Court and made retroactively available to cases on collateral review; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.

The government argues that the second, third, and fourth dates are not applicable in this case, and that, therefore, the statute of limitations began to run on the date on which defendant's judgment of conviction became final.  Where a defendant does not seek an appeal, his judgment of conviction becomes final 10 days after the entry of

---

[3] Specifically, defendant argues "A finding by preponderance of evidence resulted in a disproportionate impact on sentence.  Obstruction of justice and some ten thousand dollars of economic loss was found without a submission of clear and convincing evidence.  Nor was there ever a submission of the obstruction of justice to a grand jury."

[4] Specifically, defendant argues that Grayson did not have the authority or defendant's permission to release the laptop to the FBI.  Prior to his sentencing, on July 7, 2003, defendant filed a motion to suppress the laptop computer, which was denied by the Court on July 21, 2003.

judgment, when the time to file notice of appeal expires.  See Fed. R. App. P. 4(b); United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2000).  The government argues that, therefore, defendant's conviction became final on January 1, 2006, 10 days after his Ameline resentencing.  As a result, the government argues, defendant's October 3, 2008 petition is barred by the statute of limitations.

Defendant, however, argues that the statute of limitations in this case in fact began to run on the date on which the facts supporting his claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. 2255.  Specifically, defendant argues that at the end of 2007, defendant received discovery from Grayson detailing events that took place on or about May 7, 2003 during her interrogation by FBI agents.  Defendant argues that he was "denied a fair litigation of the claim because defense counsel did not submit evidence of interrogation where [sic] E. Grayon had been over mastered/coerce/threatened into consenting agents to seize defendant's laptop in which she had no authority."  Defendant argues that, had this evidence been submitted to the Court prior to the time of resentencing, defendant's motion to suppress his laptop would have been granted "because the Court stated on record that it appeared from the Agent's report E. Grayson on her own freewill brought the laptop to the agents."  Petition at 7.

The Ninth Circuit permits equitable tolling of the statute of limitations "only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The petitioner bears the burden of proving: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); Mendoza v. Carey, 449 F.3d 1065, 1068 (9th Cir. 2006).  Additionally, "the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate causes of his untimeliness."  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations and internal quotation marks

4

omitted); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied sub nom., Belleque v. Kephart, 127 S. Ct. 1880 (2007). The Ninth Circuit has stated that "district judges will take seriously Congress' desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted."[5] Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998), overruled on other grounds, Calderon v. United States Dist. Ct., 163 F.3d 530 (9th Cir. 1998), cert. denied, 526 U.S. 1060 (1999).

In this case, even if defendant could establish that the newly-acquired discovery from Grayson produced new facts, defendant fails to demonstrate any "extraordinary circumstances," or in fact, any reason at all, why these facts could not have been previously discovered through the exercise of due diligence. Therefore, the Court finds that defendant's claims are barred by Section 2255's one year statute of limitations.[6]

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the government's motion to dismiss defendant's petition. Defendant's petition is hereby DENIED.

IT IS SO ORDERED.

Dated: January 12, 2009

*Christina A. Snyder*
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

[5] Some of the cases cited herein involved habeas petitions governed by 28 U.S.C. § 2244, which applies a statute of limitations to habeas motions by state prisoners attacking their sentences. The Ninth Circuit has held that "the two provisions [§ 2244 and § 2255] are almost identical . . . and the Supreme Court has interpreted the statute-of-limitations provisions of § 2244 and § 2255 in concert with one another." Shannon v. Newland, 410 F.3d 1083, 1088 (9th Cir. 2005)

[6] The government also argues that defendant's first and third claims are moot, and that defendant's third and fifth claim are procedurally defaulted. Because the Court herein concludes that defendant's petition is barred by the statue of limitations, the Court need not reach these issues.