| Case No. | 2:03-CR-00500-CAS-1 | Date | October 22, 2020 |
|---|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | | |
| Interpreter | N/A | | |

| Catherine Jeang | Not Present | Robert Lester, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond. | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| NICHOLAS E. DEAN | NOT | | | | | | |

**Proceedings:** (IN CHAMBERS) - PETITION TO ADJUST RESTITUTION PAYMENT FOR YEAR 2020 PURSUANT TO 18 U.S.C. 3664(k) (Dkt. 137, filed on May 26, 2020)

### I. INTRODUCTION AND BACKGROUND

On December 21, 2005, in connection with his sentence, this Court ordered defendant Nicholas E. Dean to pay restitution in the amount of $13,964.25. Dkt. 100 at 1–2. On May 26, 2020, defendant filed the instant "Petition to Adjust Restitution Payment for Calendar Year 2020 Pursuant to 18 U.S.C. § 3664(k)" requesting that the Court forbear certain federal offsets applied toward his restitution balance. Dkt. 137 ("Mot."). The government opposed the motion on June 23, 2020, Dkt. 140 ("Opp."), and defendant filed a Reply on August 25, 2020, Dkt. 142 ("Reply"). Because defendant raised several requests for the first time in his Reply, the Court ordered the government to file a surreply in response, Dkt. 143, which the government filed on October 1, 2020, Dkt. 144 ("Surreply").

As of September 29, 2020, defendant's balance of restitution owed is just over $10,000. Surreply at 1. Defendant has made no payments since July 2017. Opp. at 2; Surreply at 3. According to defendant, the United States Department of the Treasury has been withholding the full amount of defendant's federal tax refund in order to apply it to defendant's restitution balance pursuant to the Treasury Offset Program ("TOP").[1] Mot. at 1; Dkt. 137-1; see Opp. at 1.

---

[1] TOP collects delinquent debts owed to federal agencies by withholding federal payments to the debtor. Bur. of Fiscal Serv., TOP Treasury Offset Program, https://fiscal.treasury.gov/top/how-top-works.html (last visited Oct. 21, 2020); see 26 U.S.C.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

Defendant requests that the Court order that certain federal payments and tax credits not be used to offset his restitution balance for tax year 2020, pursuant to 18 U.S.C. § 3664(k) ("Section 3664(k)"). Reply at 1–2. Specifically, defendant requests relief with regard to: (1) any credit received pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), see Pub. L. 116-136, Div. A, Title II, Subtitle B, § 2201(a), 134 Stat. 281, 335, codified as 26 U.S.C. § 6428 (Mar. 27, 2020); (2) education credits available through Internal Revenue Service ("IRS") Form 8863;[2] (3) tax reductions due to casualties and theft available through IRS Form 4684;[3] and (4) other unspecified employment-related credits, Reply at 1–2.

Section 3664(k) provides that, in the event of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution … the court may … adjust the payment schedule, or require immediate payment in full, as the interests of justice require." A defendant who moves for relief under Section 3664(k) "must present some evidence showing there has been a change in his economic circumstances since his sentencing." United States v. Fitzgerald, No. CR-95-0202 EFL, 2012 WL 3638627, at *2 (N.D. Cal. Aug. 22, 2012) (citation omitted).

Here, defendant has provided no evidence showing that he has experienced an adverse change in his economic circumstances. Defendant provides a letter from the Department of the Treasury, dated July 28, 2017 and addressed to defendant, explaining the terms of defendant's

---

§ 6402(d) (collection of debts owed to federal agencies); 31 U.S.C. § 3720A (reduction of tax refund).

[2] According to the IRS website, "education credits[] are based on qualified education expenses paid to an eligible postsecondary educational institution. There are two education credits[:] The American Opportunity Credit, part of which may be refundable[, and] The Lifetime Learning Credit, which is nonrefundable." IRS, About Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits), https://www.irs.gov/forms-pubs/about-form-8863 (last visited Oct. 21, 2020); see IRS Form 8863.

[3] Form 4684 allows for the reporting of loss of personal property. IRS, About Form 4684, Casualties and Thefts, https://www.irs.gov/forms-pubs/about-form-4684 (last visited Oct. 21, 2020); see IRS Form 4684.

debt and that it would be withheld from federal payments. Dkt. 137-1. But without documentation that his CARES Act assistance was withheld, or documentation of a change in his tax refund based on the tax credits he references in his Reply, defendant has not shown cause why this Court should order that his federal tax refund not be offset for tax year 2020. See United States v. Chan, No. CR 00-40146 CW, 2007 WL 2949552, at *2 (N.D. Cal. Oct. 10, 2007) (denying Section 3664(k) motion where defendant failed to provide documentation such as "a statement of Defendant's income and expenses, [or] her assets and liabilities"), aff'd, 298 F. App'x 634 (9th Cir. 2008).

Additionally, with regard to defendant's CARES Act assistance, the Act itself expressly exempts this assistance from offset pursuant to TOP. Specifically, the Act provides, in relevant part:

> Any credit or refund allowed or made to any individual by reason of section 6428 of the Internal Revenue Code of 1986 [26 U.S.C. § 6428] (as added by this section) … shall not be subject to reduction or offset pursuant to section 3716 or 3720A of title 31, United States Code … .

CARES Act, Pub. L. 116-136, Div. A, Title II, Subtitle B, § 2201(d), 134 Stat. 281, 338, codified at 26 U.S.C. § 6428 Note (Mar. 27, 2020). Sections 3716 and 3720A of title 31 of the United States Code are the legal authority for TOP relevant here, Briggs v. United States, No. C 07-05760 WHA, 2010 WL 1759457, at *1 (N.D. Cal. Apr. 30, 2010). Therefore, CARES Act assistance is exempt from offset pursuant to TOP.

Defendant responds that court-ordered forbearance is nevertheless necessary because there are news reports that the IRS has rescinded or attempted to rescind CARES Act credits distributed to some currently incarcerated people. Reply at 2 (citing Rebecca Boone, "US inmates got virus relief checks, and IRS wants them back," Associate Press, June 24, 2020). However, the article appears to address CARES Act benefits paid to incarcerated individuals. Because defendant is not currently incarcerated, it appears the article has no bearing on this case. Surreply at 3. In any event, the article fails to provide evidentiary support for defendant's claims.

## III. CONCLUSION

Based on the foregoing, the Court **DENIES without prejudice** defendant's motion to adjust his restitution payments pursuant to Section 3664(k).

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Deputy Clerk | CMJ |

**Cc:     Nicholas E. Dean, Pro Per**
**P.O. Box 1944**
**Studio City, CA  91615**